IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Carolyn M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-50404 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiff's Motion to Alter the Judgment [32] is denied.

**DISCUSSION**

Following the Court's ruling on Plaintiff's Memorandum in Support of Motion for Summary Judgment [18], Plaintiff filed a motion to alter the Court's judgment under Federal Rule of Civil Procedure 59(e). [32] "A party moving to alter or amend a judgment under Rule 59(e) must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. A manifest error is not demonstrated by the disappointment of the losing party. Rather, [i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Kevin D. v. Kijakazi*, No. 22 C 2310, 2023 WL 4054515, at *1 (N.D. Ill. June 16, 2023) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) *and Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)) (internal quotations and citations omitted).

Moreover, "[a] Rule 59(E) motion is not the appropriate vehicle in which to rehash an argument made at an earlier stage in the litigation." *Shannon M. v. Saul*, No. 19 C 2568, 2021 WL 4539858, at *2 (N.D. Ill. June 8, 2021) (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014)); *see also Keiber v. Astrue*, No. 08 CV 2616, 2010 WL 3001958, at *1 (N.D. Ill. July 29, 2010) (citing *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir.2000) ("Nor is Rule 59(e) a vehicle for recycling arguments that the Court has previously rejected.")). Similarly, a Rule 59(e) motion "[d]oes not permit a party to advance arguments or theories that could and should have been made before the district court rendered a judgment ... or to present evidence that was available earlier." (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995)).

Plaintiff does not argue that the Court disregarded, misapplied, or failed to recognize controlling precedent, nor does she argue that newly discovered evidence should have precluded

---

[1] Martin O'Malley has been substituted for Andrew Saul. Fed. R. Civ. P. 25(d).

entry of judgment. *Kevin D.*, 2023 WL 4054515, at *1. Instead, after asserting without further explanation that the "Final Judgment… suffers from clear errors of law," Plaintiff proceeded to re-argue the same arguments that the Court previously rejected. *See e.g.* [32], p. 7 ("Ms. Matthiscyk, as she argued in her Opening Brief, was entitled to the opportunity to either make a final oral argument at the hearing or to submit a brief or other written statement after the hearing."); [18], p. 7 ("Ms. Matthiscyk was entitled to more… the claimant is entitled to the opportunity to make a final oral argument at the hearing or to submit a brief or other written statement after the hearing."). In other parts of her motion, Plaintiff presented new arguments about the same evidence. *See e.g.* [32], p. 2-6 (taking issue with the ALJ's evaluation of Dr. Shapiro's opinion, characterizing the evaluation as having "played doctor"); [18], p. 3-5 (taking issue with the ALJ's evaluation of Dr. Shapiro's opinion, characterizing the evaluation as having cherry-picked or "[e]ssentially rejected the favorable portion of the medical expert opinion"). Both types of arguments fail, as Rule 59(e) motions neither allow Plaintiff to redo prior arguments nor to raise new arguments as to old evidence.

As Plaintiff does not argue, or indeed even point to, any controlling precedent that the Court disregarded, misapplied, or failed to recognize, her Motion to Alter the Judgment pursuant to Rule 59(e) is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Alter the Judgment [32] is denied.

Date: 06/28/2024                    ENTER:

*Margaret J. Schneider*
United States Magistrate Judge